IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 SEP 20 PM 4:52

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| WALTER MCGHEE, II, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2103-Ma/P |
| FRED NOLEN, et al., | X | |
| Defendants. | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE

Plaintiff Walter McGhee, II, a citizen of Memphis, Tennessee, has filed a complaint along with a motion to proceed in forma pauperis and for appointment of counsel. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall file the case and record the defendants as Fred Nolan, Alvin Kurn, and the State of Tennessee.[1]

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint

---

[1] Plaintiff named the Division of Rehabilitation Services of the Tennessee Department of Human Services as a defendant. As governmental divisions and departments are not suable entities, the Court construes the complaint as naming the State of Tennessee as the defendant. See generally Hafer v. Melo, 502 U.S. 21 (1991).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-21-05



counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

McGhee does not list any reasonable efforts to retain counsel on his own. The Court concludes that an appointment of counsel is not warranted and McGhee's motion for appointment of counsel is denied.

Plaintiff McGhee sues the State of Tennessee and Tennessee Department of Human Services, Division of Rehabilitation Services (DRS) employees Fred Nolan and Alvin Kurn. McGhee alleges that he was denied state funds to attend a historically Black college. He further alleges that the defendants' actions violated his First

2

Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act.

McGhee's claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989). Even if a suit seeks injunctive relief against the State, the Eleventh Amendment bars the action. Idaho v. Coeur D'Alene Tribe of Idaho, 117 S. Ct. 2028, 2041-42 (1997).

Accordingly, plaintiff's claims against the State of Tennessee are barred and fail to state a claim upon which relief may be granted. Those claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is ORDERED that the Clerk shall issue process for the remaining defendants, and deliver said process to the marshal for service. Service shall be made on the individual defendants pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. The service on the defendants shall include copies of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 2nd day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02103 was distributed by fax, mail, or direct printing on September 21, 2005 to the parties listed.

---

Walter McGhee
2810 Montague Avenue
Memphis, TN 38114

Honorable Samuel Mays
US DISTRICT COURT